## Case No. 12,668.

### The SENECA.

[8 Ben. 509.][1]

District Court, E. D. New York. July, 1876.

WHARFAGE—LIEN—SEIZURE OF GOVERNMENT PROPERTY—COSTS.

1. A steamboat, owned by the municipality of the city of New York, and employed in transporting the harbor police, is exempt from liability to seizure to enforce a claim for wharfage in the admiralty.

[Cited in The Fidelity, Case No. 4,757.]

2. The libellant having asked no costs but disbursements, no costs but disbursements were awarded against him on a dismissal of the libel.

In admiralty.

Beebe, Wilcox & Hobbs. for libellant.
W. C. Whitney, for claimant.

BENEDICT, District Judge. This is an action to enforce a maritime lien for wharfage against the steamboat Seneca. The evidence shows that the vessel proceeded against is the police boat of the harbor, owned by the city of New York, and, at the time of using the libellant's wharf, was employed in the transporting of the harbor police while engaged in the discharge of their duties. The object of landing at libellant's wharf was to put ashore a policeman on duty. This vessel is then public property, devoted to a specific and public use. Consequently she is not in my opinion subject to be seized in the admiralty to enforce a demand like the present. The reasons for the rule applied in courts to such property, by which such property is exempt from seizure upon execution, appear to

---

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

have equal force in a case like the present. The libel must therefore be dismissed. Inasmuch as the libellant stated upon the trial that the action was brought to try the question of law, and that no costs beyond disbursements would be asked by the libellant in case of a recovery, no costs will be awarded on this decree against the libellant except disbursements.